IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY LOU CASTILLO, Plaintiff, | § § § § § | |
| vs. | § | CIVIL ACTION NO. 5:12-cv-00143-XR |
| | § § § | |
| COMMUNITY COUNCIL OF SOUTH CENTRAL TEXAS, INC., Defendant. | § § § | |

## PLAINTIFF'S OPPOSED MOTION FOR ATTORNEY'S FEES AND TAXABLE COSTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF MARY LOU CASTILLO, by and through her undersigned attorneys of record, and, in accordance with 28 U.S.C. § 1447(c), LOCAL RULE FOR THE WESTERN DISTRICT OF TEXAS CV-7, and the Court's Order of May 14, 2012,[1] files this, her Motion for Attorney's Fees and Taxable Costs. For cause of action, Ms. Castillo would show unto the Court the following:

## I.
## STATEMENT OF FACTS

1.    On February 15, 2012, Defendant filed its Notice of Removal alleging that Ms. Castillo created federal jurisdiction by merely filing a Charge of Discrimination with the Equal Employment Opportunity Commission.[2]

2.    On February 16, 2012, the undersigned conferred with opposing counsel

---

[1] See Docket Entry No. 19.
[2] See Docket Entry No. 1.

regarding its ill-conceived Notice of Removal.[3]  In the correspondence, the undersigned offered

Defendant the opportunity to withdraw the Notice without opposition from Ms. Castillo.  The

undersigned further advised Defendant that if it refused to withdraw the Notice, Ms. Castillo

would seek fees and expenses as allowed by federal law.

3.    Defendant refused and forced Ms. Castillo to file a Motion to Remand on

February 21, 2012.[4]

4.    On May 14, 2012, the Court rendered its Order granting Ms. Castillo's Motion to

Remand and awarded her fees and expenses.[5]  The Court denied Defendant's Motion for

Reconsideration on May 16, 2012.[6]

5.    On May 22, 2012 the undersigned conferred with opposing counsel in an attempt

to resolve the Court's award of attorney's fees and court costs.[7]  In her offer of compromise, Ms.

Castillo requested $7,740.00 in attorney's fees, $150.00 in legal assistant fees, and $546.37 in

taxable costs.  In exchange for Defendant's agreement to this amount, Ms. Castillo offered to

forgo seeking fees and expenses associated with the filing of this motion.  The amount she

requested was based on the fees she incurred over the 89 days this case was in the federal court

system.  During this time, Ms. Castillo was forced to incur fees for essentially identical work

over this stretch of time, which includes:

    a.    Plaintiff's Opposed Motion to Remand[8];
    b.    Plaintiff's Advisory to the Clerk of Court (Non-Consent to Magistrate)[9];

---

[3] See Exhibit 1, Correspondence from Mark Anthony Sánchez, Esq. to Jesse R. Botello, Esq., dated February 16, 2012.
[4] See Docket Entry No. 3.
[5] See Docket Entry No. 19.
[6] See Text Order, dated May 16, 2012.
[7] See Exhibit 2, Correspondence from Mark Anthony Sánchez, Esq. to Jesse R. Botello, Esq., dated May 22, 2012.
[8] See Docket Entry No. 3.
[9] See Docket Entry No. 8.

c.     Plaintiff's Opposed Proposed Scheduling Order and Docket Control Order[10];

d.     Plaintiff's Unopposed Motion for Leave of Court to Amend Complaint[11];

e.     Plaintiff's Second Amended Original Complaint[12];

f.     Plaintiff's Initial Disclosures to Defendant Community Council of South Central Texas, Inc.; and

g.     Plaintiff's Advisory to the Court (Notification of Vacation)[13].

6.     On May 25, 2012, Defendant rejected Ms. Castillo's offer.[14] Despite the Court's clear ruling awarding Ms. Castillo fees and court costs, Defendant continued to insist that its attempt to remove the litigation was grounded in good faith. In the letter from its counsel, Defendant admitted Ms. Castillo was forced to incur duplicative legal fees when he stated:

> Finally, it is my client's position that any work done by you or your firm after your opposition to removal is duplicative of work done at the state court level and was occasioned by the Court's acceptance of the removal action and subsequently reconsidering it.

Defendant's counsel fails to understand that the Notice of Removal automatically removed the litigation to federal court by operation of statute, not by "approval" of the court. Defendant's counsel further attempts to shift responsibility for the initial removal away from himself and, somehow, place it at the feet of the court by suggesting that the court "accepted" the removal thereby causing Ms. Castillo incur additional legal fees. Defendant essentially requested that Ms. Castillo re-submit a lower fee request. This was not a good faith response.

7.     Ms. Castillo now files this, her Motion for Attorney's Fees in accordance with the Court's Order of May 14, 2012 and Local Rule for the Western District of Texas CV-7. Ms. Castillo incorporates all exhibits annexed hereto by reference as if fully set forth into this

---

[10] See Docket Entry No. 10.

[11] See Docket Entry No. 14.

[12] See Docket Entry No.15.

[13] See Docket Entry No.17.

Motion.

## II.
## ARGUMENTS AND AUTHORITIES

A.    Upon the Court's Determination of Improper Removal, Federal Law Mandates an Award of Fees and Costs to Ms. Castillo

According to federal statute, nothing more than a showing of improper removal is required of Ms. Castillo in order for her to qualify for an award of fees and costs.[15] Once the determination of improper removal is made, the only issue remaining for determination by court is the amount of fees and costs that are justified by the record.[16] Ms. Castillo contends that she has satisfied this low threshold and that she is entitled to reasonable fees and costs.

In the Fifth Circuit, courts calculate an award of attorney's fees according to a twelve-factor test.[17] The twelve Johnson factors are:

1.    The time and labor required;

2.    The novelty and difficulty of the questions;

3.    The skill requisite to perform the legal service properly;

4.    The preclusion of other employment by the attorney due to acceptance of the case;

5.    The customary fee;

6.    Whether the fee is fixed or contingent;

7.    Time limitations imposed by the client or the circumstances;

8.    The amount involved and the results obtained;

---

[14] See Exhibit 3, Correspondence from Jesse R. Botello, Esq. to Mark Anthony Sanchez, Esq., dated May 25, 2012.

[15] See Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir.), cert. denied, 118 S.Ct. 435 (1997).

[16] Id. at 32. ("Once a court determines that the removal was improper. . .§1447(c) give a court discretion to determine what amount of costs and fees, if any, to award the plaintiff.")

[17] See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

4

9.    The experience, reputation, and ability of the attorneys;

10.   The "undesirability" of the case;

11.   The nature and length of the professional relationship with the client; and

12.   Awards in similar cases.[18]

Courts are afforded broad discretion in applying these factors when calculating attorney's fees.[19] Of the twelve Johnson factors, the Fifth Circuit recognizes four as "special factors": (1) the time and labor required; (5) the customary fee; (8) the amount involved and the result obtained; and (9) the experience, reputation, and ability of counsel.[20]

The Fifth Circuit uses the "lodestar" method to calculate attorney's fees.[21] A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[22] Courts may utilize a "contingency" and "quality of representation" multiplier to adjust the "lodestar" upward or downward.[23]

## III.
## THE JOHNSON FACTORS

A.    Ms. Castillo is Entitled to $9,660.00 in Attorney's Fees

1.    Time and Labor Required

The undersigned devoted a reasonable amount of time and labor responding to Defendant's Notice of Removal and representing Ms. Castillo's interests in federal court while the Motion to Remand was under consideration by the Court over the course of 89 days.[24] The undersigned expended 32.20 hours of legal representation and incurred $715.85 in taxable costs.

---

[18] Id. at 717-19.
[19] Greenshaw v. Lubbock Beverage Assoc., 721 F.2d 1019 (5th Cir.1981).
[20] Copper Liquor, Inc. v. Adolph Coors Co., 684 F.2d 1087 (5th Cir. 1982) (hereinafter "Copper Liquor III").
[21] Fender v. Zapata Partnership, Ltd., 12 F.3d 480, 487 (5th Cir. 1994).
[22] Shipes v. Trinity Industries, 987 F.2d 311, 319-20 (5th Cir. 1993).

The undersigned's legal assistant expended 2.50 hours of time assisting in the legal representation of Ms. Castillo.

2.    The Novelty and Difficulty of the Question

The issue of removal and remand is not inherently novel or particularly difficult. Defendant did, however, advance the dubious argument that the mere filing of a Charge of Discrimination with the Equal Employment Opportunity Commission mandated federal court jurisdiction. Ms. Castillo was forced to incur fees for extensive legal research and motion practice to respond to this argument.

3.    The Skill Requisite to Perform the Legal Service Properly

The undersigned contends that providing legal services of this nature and in federal court requires a high degree of skill.

4.    The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case

The undersigned maintains a busy docket with a number of cases in state and federal courts. The instant litigation, however, did not unreasonably preclude the undersigned from other employment in any way.

5.    The Reasonable and Customary Fee

The undersigned contends that a reasonable and customary fee for representing litigants in federal court with respect to labor and employment law claims and related procedural disputes is $300.00 per hour. The proposed hourly rate is interrelated with the 9th Johnson factor. The undersigned contends that $65.00 per hour is a reasonable fee for a legal assistant.

6.    Whether the Fee Is Fixed or Contingent

---

[23] Graves v. Barnes, 700 F.2d, 220, 222 (5th Cir. 1983).

Ms. Castillo has retained the undersigned pursuant to a contingent fee agreement. Because counsel must await payment, the undersigned respectfully requests that the Court enhance the lodestar award.

7.    Time Limitations Imposed by the Client or the Circumstances

While Ms. Castillo did not impose any specific time limitations upon the undersigned, certain time limitations did arise with respect the existing state court trial setting of August 27, 2012. Ms. Castillo wishes to preserve her trial setting of August 27, 2012 and has been forced to complete all discovery in a short time period.

8.    The Amount Involved and the Results Obtained

The undersigned counsel notes that Ms. Castillo is a prevailing party.[25]  Ms. Castillo obtained the maximum relief she sought: remand to state court and an award of fees and costs.

9.    The Experience, Reputation, and Ability of the Attorneys

The undersigned has been licensed by the State Bar of Texas for over 15 years and has been licensed to practice in the Western District of Texas since December 18, 1996.  Further, the undersigned is Board Certified in Labor and Employment Law by the State Bar of Texas.  Based upon experience, reputation and ability, the undersigned can commend an hourly rate of $300.00 as a reasonable fee.

10.    The "Undesirability" of the Case

The undersigned contends that there is nothing "undesirable" about Ms. Castillo's case. As such, this factor is negligible.

11.    The Nature and Length of the Professional Relationship with the Client

---

[24] See Exhibit 4, Affidavit of Mark Anthony Sánchez, Esq.
[25] See Diaz v. Robert Ruiz, Inc., 808 F. 2d 427 (5th Cir. 1987).

The undersigned has maintained an attorney-client relationship with Ms. Castillo for less than one year. As such, this factor is negligible.

12.     <u>Awards in Similar Cases</u>

Although the undersigned was unable to locate any case that was identical, the unpublished opinion in <u>Rivet v. Regions Bank of Louisiana, F.S.B.</u>[26] held that an award of $105,448.30 under 28 U.S.C. §1447(c) for improper removal was justified. The circumstances of Ms. Castillo's case are different, but she is nonetheless entitled to the full array of fees and costs she has requested.

WHEREFORE, PREMISES CONSIDERED, Ms. Castillo respectfully prays that the Court grant her Motion for Attorney's Fees and Taxable costs, and any further relief, either at law or equity, to which she may be justly entitled.

Respectfully submitted,

GALE, WILSON & SÁNCHEZ, P.L.L.C.
MARK ANTHONY SÁNCHEZ, ESQ.
ALBERT ESCOBEDO TOVAR, ESQ.
115 East Travis Street, 19th Floor
San Antonio, Texas 78205
(210) 222-8899
(210) 222-9526 (Telecopier)
ATTORNEYS FOR PLAINTIFF

By: /s/ Mark Anthony Sánchez
    MARK ANTHONY SÁNCHEZ, ESQ.
    TEXAS STATE BAR NO. 00795857
    ALBERT ESCOBEDO TOVAR, ESQ.
    TEXAS STATE BAR NO. 24013648

---

[26] See <u>Rivet v. Regions Bank of Louisiana, F.S.B.</u>, 200 F.3d 816 (5th Cir. 1999).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Plaintiff's Opposed Motion for Attorney's Fees and Taxable Costs has been delivered *via* telecopier transmission only 736-2520 on this the 31st day of May 2012, to Jesse R. Botello, Esq., Law Office of Jesse R. Botello, 1006 Vance Jackson, San Antonio, Texas 78201-2701.

/s/ Mark Anthony Sánchez
MARK ANTHONY SANCHEZ, ESQ.


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he attempted to confer with opposing counsel regarding Ms. Castillo's Motion for Attorney's Fees and Taxable Costs. Opposing counsel is opposed to this Motion.

/s/ Mark Anthony Sánchez
MARK ANTHONY SANCHEZ, ESQ.


## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas on the 31st of day of May 2012.

/s/ Mark Anthony Sánchez
MARK ANTHONY SANCHEZ, ESQ.