## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARY LOU CASTILLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-12-CA-0143-XR** |
| | ) | |
| **COMMUNITY COUNCIL OF SOUTH** | ) | |
| **CENTRAL TEXAS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER ON MOTION FOR ATTORNEY'S FEES AND TAXABLE COSTS

On this date, the Court considered Plaintiff's Opposed Motion for Attorney's Fees and Taxable Costs (docket no. 21), Defendant's Opposition, and Plaintiff's Reply.  For the reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part.

### Factual and Procedural Background

Plaintiff filed suit in the 25th Judicial District of Bexar County alleging violations of the Texas Government Code and the Texas Labor Code stemming from an employment dispute.  On February 15, 2012, Defendant filed its Notice of Removal, alleging that Plaintiff had raised a federal question in her First Amended Original Petition filed in state court.  On February 21, 2012, Plaintiff filed a Motion to Remand.  The Court granted the Motion to Remand on May 14, 2012, and also granted Plaintiff's request for costs, expenses, and attorney's fees authorized by 28 U.S.C. § 1447(c).  On May 16, 2012, the Court denied Defendant's Motion for Reconsideration.  The parties could not come to an agreement on the amount of fees, and Plaintiff filed the instant Motion for Attorney's

Fees and Taxable Costs on May 31, 2012.

## Analysis

### I. Whether Plaintiff is entitled to attorney's fees

The Court finds that Plaintiff is entitled to attorney's fees under 28 U.S.C. § 1447(c). Section 1447(c) provides for remand at any time before final judgment if it appears that the district court lacks subject matter jurisdiction. The Section further states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." If a removing party has an objectively reasonable basis for removal, attorney's fees should not be awarded, absent unusual circumstances.[1] An award of fees is left to the district court's discretion.[2]

Here, the Court granted Plaintiff's Motion to Remand based on a lack of subject matter jurisdiction, as Plaintiff did not allege any federal question in her state court petition. In its order, the Court also granted Plaintiff's request for costs, expenses, and attorney's fees authorized by 28 U.S.C. § 1447(c).[3] Although the Court found in its prior order that attorney's fees were justified, because the instant motion is opposed, the Court will nevertheless analyze whether the award of attorney's fees was appropriate.

Defendant did not have an objectively reasonable basis for removal here. In Defendant's Notice of Removal, Defendant argues that Plaintiff's First Amended Original Petition raised a

---

[1] *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).

[2] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

[3] The Court finds that Plaintiff has complied with Local Rule for the Western District of Texas CV-7(j).

federal claim under the Age Discrimination in Employment Act, giving the district court original jurisdiction pursuant to 28 U.S.C. § 1441.  Defendant states that Plaintiff's First Amended Original Petition Section III (Jurisdiction) invokes the federal Age Discrimination in Employment Act. However, in reality, Plaintiff's First Amended Original Petition only asserts claims under the Texas Labor Code and the Texas Government Code.  The petition does state that Plaintiff filed a Charge of Discrimination with the EEOC, but this is not enough to establish federal question jurisdiction. It is what Plaintiff actually alleged in the petition that controls whether she has asserted a federal question.[4]  Because Plaintiff did not assert any federal cause of action in her petition,  Defendant did not remove the cause on any objectively reasonable basis, and Plaintiff is entitled to attorney's fees and costs.

## II. Amount of award

Having determined that Plaintiff is entitled to attorney's fees and costs, the Court must now determine the amount recoverable.  The only expenses recoverable are "just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).  Plaintiff argues that she is entitled to $9,660.00 of attorney's fees, legal assistant fees of $162.50, and taxable court costs of $715.85.  She states her counsel spent 32.2 hours at an hourly rate of $300.00, and the legal assistant spent 2.5 hours at an hourly rate of $65.00.  Plaintiff's counsel argues he incurred $715.85 in taxable costs (including necessary postage fees, photocopy fees, telecopier fees, office supplies and legal research costs).  Defendant argues that the bulk of Plaintiff's request is excessive

---

[4] *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). ("Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.").

and encompasses work that was either performed for the state court action or will be used in the state court action on remand.

The Court finds that Plaintiff is not entitled to all of the requested amount. Only expenses that were incurred as a result of removal are recoverable.[5]  As such, the award is limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court."[6]  "[A] party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded," but ordinary litigation expenses that would have been incurred in state court are not recoverable.[7]

To determine a fee award, the court must first determine the lodestar.[8]  Then, in determining whether to deviate from the lodestar, a court should consider the twelve *Johnson* factors.[9]  The lodestar is the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.[10]  A court should exclude all time that is excessive, duplicative, or inadequately documented in calculating the lodestar.[11]

The Court has examined the itemized timesheet attached to Plaintiff's motion to determine

---

[5] *See McCann v. PPG Indus., Inc.*, 448 F.App'x 421, 423 (5th Cir. 2011) (holding that expenses incurred before removal could not be recovered).

[6] *Blanco v. Equable Ascent Fin., LLC*, EP-12-CV-134-PRM, 2012 WL 2155005, at *3 (W.D. Tex. June 13, 2012) (citing *Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir.1997)).

[7] *Avitts*, 111 F.3d at 32.

[8] *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010).

[9] *Id.* at 380.

[10] *Id.* at 379.

[11] *Avitts*, 111 F.3d at 32.

what attorney's fees are recoverable.  The Court finds that all 32.2 hours of legal representation and 2.5 hours in legal assistance are justified.  The time entries submitted by Plaintiff's counsel demonstrate that the time billed was either directly related to Plaintiff's Motion to Remand, or was related to protecting Plaintiff's interest while in federal court.

Next, the Court must calculate the lodestar by multiplying the hours expended by the prevailing hourly rate.  The Court finds that $300.00 per hour for an attorney and $65.00 per hour for a legal assistant are consistent with the prevailing rates.  The Court does not find that any of the *Johnson* factors indicate the Court should deviate from this lodestar.  Accordingly, Plaintiff is entitled to $9660.00 in attorney's fees and $162.50 in legal assistant fees.

The Court finds that Plaintiff is not entitled to recover any taxable costs, because they are not adequately documented.  The records show costs for photocopies, fax expenses, postage, office supplies, and research, but does not adequately demonstrate that these were incurred as a result of removal.  Accordingly, Plaintiff is not entitled to recover these costs.

## Conclusion

The Court finds that Plaintiff is entitled to $9660.00 in attorney's fees and $162.50 in legal assistant fees, but is not entitled to any costs.  Accordingly, Plaintiff's motion (docket no. 21) is GRANTED in part and DENIED in part.

SIGNED this 9th day of July, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE